JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON CAMPOS

Plaintiffs   Index No. **CV 1201**
13

-against-   A jury trial is demanded

CITY OF NEW YORK;
NYPD OFFICERS JOSE PEINAN, shield   COMPLAINT
002276; DOE 1-4, yet to be identified.
Defendants

FEB 2 2 2013

U.S.D.C. S.D. N.Y.

Plaintiff Nelson Campos, by his attorneys, the Law Office of Ronald L. Kuby,

hereby brings this action under 42 U.S.C. §1983 to redress his constitutional and legal

rights, and allege as follows:

## STATEMENT OF THE ACTION

1.    Defendant police officers arrested plaintiff without reasonable basis

or justification, physically abused him, maliciously prosecuted him, and caused his

incarceration for three days.

## JURISDICTION, VENUE

2.    Jurisdiction in this Court is claimed under 42 U.S.C. §1983 and

principles of pendant jurisdiction.  Venue is proper because defendant City of New York is

administratively located within the Southern District of New York.

## PARTIES

3.    Plaintiff was at all times relevant a citizen of the state of New York and

a resident of Bronx County.

4.    Defendant police officers are employees and agents of defendant

City of New York.  At all times relevant they acted in their capacity as a New York City

police officer, in furtherance of the City's interests, and in conformance with the usages

1

and practices of the City of New York and the New York City Police Department.

5.      Defendant City of New York is a municipal corporation.  It is authorized by its charter to maintain a police department, for which it retains responsibility.

## NOTICE

6.      A notice of claim as to the facts averred below was served on the Comptroller, City of New York, by certified mail on August 29, 2012.

## FACTS

7.      On June 22, 2012, plaintiff, a maintenance worker employed in the residential building located at 1231 Sheridan Avenue, Bronx, was accosted on the sidewalk near his place of employment by two young Hispanic men in street clothes.

8.      They asked if he knew one "Jarida" in apartment 35.

9.      He responded that she no longer lived there.

10.      They asked if he knew of anyone else who could sell them drugs; heroin, cocaine, anything.

11.      He replied that he knew of no one in his building who sold drugs, and that they should move away from there..

12.      The young men urgently pleaded for the location of a supplier, saying they had a couple of girls waiting and needed the drugs for a good time.

13.      Plaintiff angrily berated them and moved away.

14.      From a distance he observed the young men shake the front door of his building open and enter.

15.      He loudly called out to them, in sum and substance, "Hey, I told you there's nobody selling drugs in my building."

2

16.     Within seconds another man in plain clothes arrested him.

17.     He was taken to the 44th precinct, where several officers struck him with their radios and their hands, telling him to mind his own business next time.

18.     After four hours at the precinct he was removed to Bronx central booking, charged with PL §195.05, obstruction of government administration in the second degree.  The accusatory instrument alleged that he had publicly identified one of the young men as a police officer.

19.     He was released on his own cognizance after three days.

20.     Prosecution continued for six months, during which he consistently denied having identified anyone as an officer.  All charges were dismissed on January 11, 2013.

## CAUSES OF ACTION

### I. 42 USC §1983 violation of civil rights: False arrest

21.     There was no reasonable cause to arrest plaintiff.  His response to the officers' efforts to entrap him was appropriate and entirely lawful.

### II. 42 USC § 1983 violation of civil rights: Excessive force

22.     There was no reason to abuse and batter plaintiff at the precinct.  He was handcuffed and presented to danger to himself or anyone else.

### III. 42 USC §1983 violation of civil rights: Malicious Prosecution

23.     Defendant officers caused plaintiff's prosecution for six months

3

though they knew he had committed no crime.

### III. Liability of City of New York for constitutional violations

24.    The constitutional violations herein alleged are directly caused by of

New York City and New York City Police Department policies, procedures, and practices.


Dated:    New York, New York
          February 18, 2013

/s/
George Wachtel [GW5921]
Law Office of Ronald L. Kuby
119 West 23st., Suite 900
New York, NY 10011
(212) 529-0223


<u>VERIFICATION</u>

Nelson Campos, plaintiff herein, being duly sworn, deposes and says as follows: I have read the above complaint and it is true except for those parts identified as "on information and belief," and as to those I believe them to be true.

New York, New York
Dated: 2/20/13

Nelson Campos

Sworn to before me this 20 day of Feb ,2013

GEORGE WACHTEL
Notary Public, State of New York
No. 02WA6029976
Qualified in New York County
Commission Expires August 30, 2009

4